(Pleito No. 147.—Fallado el 20 de Septiembre de 1901.)

## GRAU contra FRANCISCO.

RECURSO contra sentencia dictada por la Corte de Distrito de Mayagüez.

EMBARGO.—PRIORIDAD. El que con arreglo á derecho hubiere obtenido á su favor mandamiento de embargo en bienes raíces del deudor, llegado el caso de anunciar su venta en pública subasta, se notificará ese anuncio, á instancia del acreedor, al que durante el litigio hubiese adquirido tales bienes, quien podrá librarlos pagando la cantidad consignada en la anotación. Si no lo hiciere en el término de diez días, se procederá á cancelar en el Registro la inscripción de su dominio.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á veinte de Septiembre de mil novecientos uno, en los autos ejecutivos seguidos ante el Tribunal de Distrito de Mayagüez por Don Tomás Grau y Pérez, propietario y vecino de dicha Ciudad, contra Don Florencio Francisco y Alonso, también propietario y vecino del pueblo de Yauco, en cobro de pesos; cuyos autos penden ante Nos en virtud de recurso de casación por infracción de ley, interpuesto por la parte ejecutante á la que ha representado y defendido el Letrado Don Herminio Díaz Navarro, sin que haya comparecido la parte recurrida.—Resultando: Que con fecha veinte y dos de Junio de mil ochocientos noventa y ocho, Don Florencio Francisco suscribió á favor de Don Tomás Grau un pagaré, por el que se obligó á satisfacerle en veinte de Diciembre del año siguiente la suma de cuatro mil ochocientos noventa y tres pesos con setenta y cinco centavos, moneda provincial, que del mismo tenía recibidos; y habiendo reconocido el deudor ante el Tribunal de Distrito de Mayagüez, en quince de Marzo del año próximo pasado, la legitimidad de su firma obrante en dicho documento, se despachó por el propio Tribunal, en diez y nueve de Marzo citado, mandamiento de ejecución en forma contra los bienes del Francisco para el pago de la cantidad adeudada, intereses y costas, en

cuya virtud le fueron embargadas una finca rústica con cabida de cincuenta y ocho cuerdas de terreno, á café, pasto y maleza, con casa de madera para vivienda, otra casa de máquina también de madera, las dos techadas de hierro galvanizado, un glacis y dos tanques para lavar café, y otra fracción de doce cuerdas de terreno á café, pasto y maleza, con una casita de palma y yaguas, predios ambos situados en el barrio de Frailes, del término municipal de Yauco, anotándose esos embargos preventivamente en el Registro de la Propiedad de San Germán el día veinte y nueve del mismo Marzo.—Resultando: Que dictada sentencia de remate en veinte y tres de Abril siguiente, previa tasación de las fincas embargadas, de las cuales la primera con sus establecimientos fué valorada en once mil doscientos treinta y cinco pesos provinciales, y la segunda en novecientos setenta pesos de igual moneda, cuyas partidas dan el total de doce mil doscientos cinco pesos provinciales, equivalentes en oro americano á siete mil trescientos veinte y tres dollars, se acordó por providencia de tres de Diciembre último se sacaran los bienes embargados á pública subasta, señalándose para el acto el día nueve de Enero siguiente.—Resultando: Que antes del día señalado para la subasta, ó sea en quince de Diciembre citado, Don Tomás Grau presentó al Tribunal de Mayagüez una certificación expedida á su instancia por el Registrador de la Propiedad de San Germán, de la que aparece que ambas fincas, afectas á la anotación preventiva del embargo practicado á instancia de Don Tomás Grau, y gravadas con una hipoteca anterior á favor de Don Pedro Juan Alvarez Colón, la de cincuenta y ocho cuerdas, por la suma de cuatro mil doscientos pesos de principal, ciento cincuenta para intereses y doscientos para costas, y la otra de doce cuerdas en garantía de trescientos pesos de capital, cincuenta de intereses y cien de costas, fueron adjudicadas por Don Samuel C. Bothwell, Marshal de la Corte Provisional de los Estados Unidos, en el Departamento de Puerto Rico, á la sociedad mercantil Damiani Hermanos, domi-

ciliada en Sabana Grande, á virtud de una orden de ejecución de la indicada Corte, de fecha seis de Febrero de mil novecientos, expedida en juicio seguido ante dicha Corte Federal por la referida sociedad contra Don Florencio Francisco y Alonso, verificándose la adjudicación de la primera finca por precio de cincuenta dollars y la de la segunda por veinte y cinco, según escritura pública otorgada en Mayagüez á cuatro de Abril de mil novecientos, y orden de ejecución de seis de Febrero, de que se deja hecho mérito, habiéndose verificado en el Registro de la Propiedad de San Germán la inscripción del título de adjudicación de ambas fincas en veinte de Julio del propio año, con cláusula de que quedaban en toda su fuerza y vigor los gravámenes de hipoteca y embargo ya relacionados; y por el mérito de esa certificacion solicitó Grau que al tenor de lo que dispone el. artículo 71 de la Ley Hipotecaria, se notificara en forma á Damiani Hermanos el anuncio de la subasta, por si querían librar los bienes de que se trata, pagando, en el término de diez días, la cantidad consignada en la anotación para principal y costas, como así se acordó por providencia de veinte y dos de Diciembre citado, notificándose el anuncio de la subasta á Damiani Hermanos en cinco de Enero siguiente, á los fines ya indicados, sin que hiciera reclamación alguna, y quedando desierta por falta de postores la subasta anunciada para el día nueve del propio mes.—Resultando: Que Don Tomás Grau, en escrito de diez y ocho de Enero citado, solicitó que por no haber habido postores en la subasta se le adjudicaran los bienes embargados por las dos terceras partes de su avalúo, previa liquidación de cargas, en armonía con lo que disponen los artículos 1,502 y 1,509 de la Ley de Enjuiciamiento Civil, y que habiendo transcurrido con exceso el término de diez días, señalado á Damiani Hermanos, para librar los bienes embargados, se cancelara la inscripción de su dominio, hecha en el Registro de la Propiedad de San Germán, de conformidad con lo que previene el artículo 71 de la Ley Hipotecaria,

habiendo declarado el Tribunal de Mayagüez por auto de treinta de Marzo, no haber lugar á adjudicar á Grau las fincas embargadas ni á ordenar la cancelación de las inscripciones de dominio hechas á favor de Damiani Hermanos, con reserva de su derecho para que lo ventile ante quien y en el juicio que corresponda; contra cuyo auto ejercitó Grau recurso de reforma, la que por otro auto de veinte y dos de Abril siguiente fué denegada.—Resultando: Que contra el mencionado auto de treinta de Marzo ha interpuesto la representación de Don Tomás Grau recurso de casación por infracción de ley, autorizado por los números 1º y 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, alegando como motivos los siguientes:—1º Error de hecho en la apreciación de lo que comprueban las certificaciones expedidas por el Registrador de la Propiedad de San Germán, de las cuales resulta que en veinte de Julio de mil novecientos, se inscribió la adjudicación hecha por la Corte provisional de los Estados Unidos á Damiani Hermanos, de las dos fincas embargadas, sin indicarse la fecha del crédito en cuya virtud se les hizo tal adjudicación y que se embargaron á su instancia las fincas, pues sólo se determina en esa inscripción la fecha de la orden de ejecución de la Corte Provisional que se dice fué dictada el seis de Febrero de mil novecientos y la de la escritura en que parece se consignó la adjudicación hecha á aquellos señores, cuya escritura fué otorgada en cuatro de Abril del mismo año, sin que por tanto haya podido afirmar, como afirma la Sala sentenciadora, que cuando se practicó el embargo de Grau, ya habían sido adjudicadas las fincas á Damiani Hermanos, pues al verificarse esa traba sólo se había librado por la Corte Provisional de los Estados Unidos la orden ó mandamiento de ejecución, que no puede confundirse con la adjudicación, y no constando en qué día se hizo ésta, hay que presumir lo fuera el cuatro de Abril de mil novecientos, en que se otorgó la escritura haciéndola constar, fecha posterior á la del embargo de Grau.—2º Otro error de hecho en la apreciación de lo comprobado con las

certificaciones ya expresadas, pues atendido el mérito de éstas, el Tribunal de Mayagüez ha debido admitir que la adjudicación hecha á Damiani Hermanos fué inscrita después de haberse tomado la anotación preventiva del embargo de Grau, quedando ésta en toda su fuerza y vigor y sujeta por lo tanto aquélla á las responsabilidades aseguradas por la anotación.—3º Error de derecho en la misma apreciación de lo comprobado por las certificaciones antedichas, con infracción del artículo 1,218 del Código Civil, que señala el valor probatorio de los documentos públicos, al disponer que éstos hacen prueba plena, aún contra tercero, de lo que en ellos se consigna, toda vez que en la sentencia afirma, sin ser exacto, que en las certificaciones del Registrador de la Propiedad, de San Germán, consta que las fincas litigiosas se adjudicaron á Damiani Hermanos, antes de ser embargadas á instancia de Grau.—4º Infracción de los artículos 24, 25, 26, 27, 28 y 44 de la Ley Hipotecaria, y párrafo 4º del artículo 1,923 del Código Civil, toda vez que no se ha reconocido la preferencia de la anotación preventiva del embargo de Grau, hecha con anterioridad á la inscripción de la adjudicación, á favor de Damiani Hermanos, ya que la fecha del crédito de Grau es anterior á la del crédito de los últimos, é indudablemente la adjudicación hecha por la Corte Federal, como lo indica el precio porque se hizo, fué á reserva de las resultancias de dicha anotación.—5º Infracción del apartado 2º del párrafo 4º del artículo 71 de la referida Ley Hipotecaria, porque habiéndosele hecho á Damiani Hermanos la notificación en ese artículo prevenida, sin que libraran los bienes dentro del término en él señalado, no se mandó cancelar la inscripción de dominio hecha á favor de aquéllos.—6º Infracción del párrafo 9º de la Orden General número 1, de diez y ocho de Octubre de mil ochocientos noventa y ocho, y del párrafo 2º del artículo 8º del Tratado de París, de diez de Diciembre del mismo año, en relación con el párrafo último del artículo 9º, toda vez que no se han respetado derechos civiles adquiridos por Grau, al amparo de

la Legislación Insular, no modificada por el Congreso de los Estados Unidos, ni por la Orden General número 88 de veinte y siete de Junio de mil ochocientos noventa y nueve, que creó la Corte Provisional.—7º Infracción del artículo 4º del Código Civil, por cuanto el auto recurrido es contrario á lo dispuesto en las leyes invocadas anteriormente.—8º Infracción de la doctrina legal establecida en las sentencias del Tribunal Supremo de España, de diez y ocho de Mayo, veinte y tres de Junio y once de Octubre de mil ochocientos ochenta y tres, veinte y cinco de Mayo de mil ochocientos sesenta, y catorce de Mayo y veinte y siete de Junio de mil ochocientos sesenta y siete, según las que procede la casación de los autos dictados en ejecución de sentencias, cuando contradicen el fallo que se ejecute, ó se separan de lo en él dispuesto, por cuanto, se ha denegado la adjudicación en pago de los bienes embargados, disponiéndose, como se dispone en la sentencia, que siga la ejecución adelante, hasta hacer trance y remate de dichos bienes, y con su producto, entero y cumplido pago al actor.—9º Infracción de la doctrina legal sentada por el Tribunal Supremo de España, en sentencias de diez y nueve de Diciembre de mil ochocientos ochenta y uno y catorce de Noviembre de mil ochocientos ochenta y cuatro, según las que, dictada sentencia en un juicio ejecutivo, debe llevarse á efecto lo juzgado, sin que pueda detenerse su cumplimiento, á no ser que lo impida un motivo ó recurso legal, puesto que la Sala sentenciadora ha denegado la ejecución de lo sentenciado, sin haberse interpuesto tercería ni otra reclamación que la impidiese.—Visto: Siendo Ponente el Juez Asociado Don José C. Hernández. —Considerando: Que entablada demanda ejecutiva ante el Tribunal de Distrito de Mayagüez, por Don Tomás Grau contra Don Florencio Francisco, y sentenciado el juicio por todos sus trámites, dicho Tribunal ha debido llevar á efecto lo juzgado, en la forma que determinan las leyes, sin que pueda detenerse el cumplimiento de su sentencia, á no ser por alguno de los medios que establece el derecho, conforme

á la doctrina legal establecida por el Tribunal Supremo de España, en sus sentencias de diez y nueve de Diciembre de mil ochocientos ochenta y uno y catorce de Noviembre de mil ochocientos ochenta y cuatro.—Considerando: Que lejos de ser impedimento legal para el cumplimiento de la sentencia de remate dictada en el mencionado juicio, el hecho de haberse inscrito en el Registro de la Propiedad de San Germán, la adjudicación hecha en pago de otro crédito á Damiani Hermanos, por la Corte Provisional de los Estados Unidos, de las dos fincas embargadas á Don Florencio Francisco en el presente juicio, inscripción de fecha posterior á la anotación preventiva de ese embargo en aquel Registro, la Ley Hipotecaria en su artículo 71 ordena de modo expreso y terminante, sin distingos de clase alguna, que el que con arreglo á derecho hubiere obtenido á su favor mandamiento de embargo que se haya hecho efectivo en bienes raíces del deudor, llegado el caso de anunciar su venta en pública subasta se notificará ese anuncio á instancia del acreedor, al que durante el litigio hubiese adquirido tales bienes y el notificado podrá librar los bienes de que se trate, pagando la cantidad consignada en la anotación so pena de que no haciéndolo así en el término de diez días se procederá á cancelar en el Registro la inscripción de su dominio, así como cualquiera otra que se hubiera extendido después de la anotación, á cuyo efecto y á instancia del rematante ó del adjudicatario se despachará el oportuno mandamiento al Registrador de la Propiedad.—Considerando: Que ante precepto tan terminante de la Ley Hipotecaria, habiéndose hecho como se hizo á Damiani Hermanos la notificación preventiva para que libraran los bienes embargados en este juicio á instancia de Don Tomás Grau, y adjudicados á Damiani Hermanos en otro distinto, seguido ante la Corte Provisional de los Estados Unidos, adjudicación inscrita en el Registro de la Propiedad de San Germán en veinte de Julio de mil novecientos, con fecha posterior á la anotación preventiva del embargo verificado el veinte y nueve de Marzo del

mismo año, sin que la referida sociedad acudiera á defender los derechos de que se creyera asistida, es evidente que debieron adjudicarse á Grau las fincas embargadas, y librarse al Registrador de la Propiedad de San Germán el mandamiento solicitado para que se cancelara la inscripción de dominio de los mismos bienes, hecha á favor de Damiani Hermanos.—Considerando: Que al proceder el Tribunal de Mayagüez como procedió, denegando en el auto recurrido, de treinta de Marzo último, la adjudicación y cancelación solicitadas por Don Tomás Grau, infringió la doctrina legal, de que se deja hecho mérito, y el artículo 71 de la Ley Hipotecaria en su párrafo 4º, infracciones ambas alegadas en el 5º y 9º motivos del recurso; y que procediendo éste por esos dos motivos se hace innecesario discutir los demás, según jurisprudencia ya establecida por esta Sala.—Fallamos: Que debemos declarar y declaramos haber lugar, por los dos motivos expresados, al recurso de casación interpuesto por Don Tomás Grau contra el auto de treinta de Marzo último, el cual casamos y anulamos, así como también su concordante de veinte y dos de Abril siguiente, y el Tribunal de Distrito de Mayagüez proceda con arreglo á derecho, ordenando la adjudicación y cancelación denegadas, sin perjuicio de los derechos de que se crean asistidos Damiani Hermanos; lo que con devolución de los autos se comunique á dicho Tribunal á los fines oportunos.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial,* lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—Luis Sulzbacher.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado Don José C. Hernández, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario sustituto certifico, en Puerto Rico á veinte de Septiembre de mil novecientos uno.—Eugenio Alvarez, *Secretario sustituto.*